Filed: 11/20/2017 2:31 PM
Carolyn Mowery
Clerk
Grant County, Indiana

Grant Superior Court 1

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE GRANT SUPERIOR COURT 1 |
| | )SS: | |
| COUNTY OF GRANT | ) | CAUSE NO.: 27D01-1711-CT-_____ |
| | | **27D01-1711-CT-000076** |
| EMERSON ROYSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

COMES NOW the Plaintiff, EMERSON ROYSE, and for his Complaint for Damages against the Defendant, WAL-MART STORES EAST, LP, and in this request for a jury trial, alleges and says:

1) The Plaintiff, EMERSON ROYSE, is a resident of Grant County, in the State of Indiana.

2) The Defendant, WAL-MART STORES EAST, LP, is an Arkansas partnership registered and doing business in the State of Indiana.

3) The Defendant owns, operates, manages, maintains, and/or otherwise controls a general merchandise retail store known as "Wal-Mart Supercenter", located at 3240 Southwestern Parkway, City of Marion, County of Grant, State of Indiana (hereafter referred to as "Wal-Mart", "Defendant's Store", or "Defendant's Property").

4) On October 16, 2016, at approximately 3:00 p.m., the Plaintiff, EMERSON ROYSE, was shopping at Defendant's Store.

5) At the aforementioned time and place, the Plaintiff, EMERSON ROYSE, slipped and fell on a liquid located on the floor of Defendant's Store (hereafter referred to as "Incident" or "Occurrence").

1

6) The Plaintiff, EMERSON ROYSE, in no way contributed to the cause of this Incident or the damages sustained therefrom.

7) At the time of this Incident, the Plaintiff, EMERSON ROYSE, was a business invitee of the Defendant, and was on the Defendant's Property for the financial benefit of the Defendant.

8) At the time of the Incident, the Defendant owed the Plaintiff, EMERSON ROYSE, a duty to maintain Defendant's Store in a reasonably safe condition. Orville Milk Co. v. Beller, 486 N.E.2d 555 (Ind. Ct. App. 1985).

9) At the time of the Incident, the Defendant was negligent in failing to exercise reasonable care in maintaining the Wal-Mart in a reasonably safe condition.

10) At the time of the Incident, Indiana law provided that a business invitor is subject to liability for the physical harm caused to its invitee(s) by a condition on land if it:

   a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to its invitees;

   b) should expect that its invitees will not discover or realize the danger, or will fail to protect themselves against it; and

   c) fails to exercise a reasonable care to protect its invitees against the danger. Douglas v. Irvin, 549 N.E.2d 368 (Ind. 1990); Wal-Mart Stores, Inc. v. Wall, 712 N.E.2d 1015 (Ind. Ct. App. 1999); Restatement (Second) of Torts, § 353.

11) At the time of this Incident, the Defendant knew, or in the existence or reasonable care would have discovered that the aforementioned floor was wet and should have realized that it involved an unreasonable risk of harm to invitees such as the Plaintiff, EMERSON ROYSE.

12) At the time of this incident, the Defendant should have expected that individuals such as the Plaintiff, EMERSON ROYSE, would not realize or discover the dangerous condition of the aforementioned floor located on Defendant's Property, or would fail to protect themselves against it.

13) At the time of this Incident, the Defendant owed a duty to the Plaintiff, EMERSON ROYSE, to warn her of the hazard on Defendant's Property. Duffy v. Ben Dee, Inc., 651 N.E.2d 320 (Ind. Ct. App. 1995); Burrell v. Meads, 569 N.E.2d 637 (Ind. 1991); Douglas v. Irvin, 549 N.E.2d 368, 369 (Ind. 1990).

14) The aforementioned duty to warn is not limited to only those of which the Defendant is aware. The Defendant, as business invitor, has a duty to exercise reasonable care to discover defects or dangerous conditions on the Defendant's Property, and is charged with knowledge of any dangerous conditions that could have been discovered in the exercise or reasonable care. Lutheran Hosp. of Indiana, Inc. v. Blaser, 634 N.E.2d 864 (Ind. Ct. App. 1994).

15) At the time of the incident, the Plaintiff, EMERSON ROYSE, did not observe the wet condition of the floor until after he fell.

16) As a direct and proximate result of the Defendant's negligence, the Plaintiff, EMERSON ROYSE, sustained physical injuries.

17) As a direct and proximate result of the Defendant's negligence, the Plaintiff, EMERSON ROYSE, has incurred medical expenses and other costs.

18) As a direct and proximate result of the Defendant's negligence, the Plaintiff, EMERSON ROYSE, has experienced, among other things, physical pain, mental anguish, and the loss of enjoyment of life from his personal injuries.

WEREFORE, the Plaintiff respectfully requests judgment against the Defendant in an amount reasonable to be compensated for damages sustained, any and all pre-judgment interest calculated daily according to law, and any and all other relief deemed just and proper.

                              Respectfully Submitted,

                              /s/Darron S. Stewart
                              Darron S. Stewart, #21114-29
                              David W. Stewart, #14968-49
                              Attorneys for the Plaintiff

STEWART & STEWART
931 South Rangeline Road
Carmel, Indiana 46032
(317) 846-8999

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff, by counsel, and respectfully requests that the above matter be tried by jury.

                              /s/Darron S. Stewart
                              Darron S. Stewart, #21114-29
                              David W. Stewart, #14968-49
                              Attorneys for the Plaintiff

STEWART & STEWART
931 South Rangeline Road
Carmel, Indiana 46032
(317) 846-8999