EMERSON ROYCE,            )
                               )
      Plaintiff,          )
                               )
v.                            )     Cause No. 1:17-CV-514-HAB
                               )
WAL-MART STORES EAST, LP,   )
                               )
      Defendant.     )

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion for Summary Judgment (ECF No. 23), filed along with its Brief in Support (ECF No. 24) and Designation of Evidence (ECF No. 25) on January 24, 2019. Plaintiff filed his Response to Defendant's Motion and Request for Hearing (ECF No. 30) and his Brief in Opposition (ECF No. 31) on March 20, 2019. Defendant filed its Reply in Support of Motion for Summary Judgment (ECF No. 33) on April 3, 2019. The issue now being ripe for ruling, Defendant's Motion for summary judgment will be granted.

## FACTUAL BACKGROUND

This matter arises out of a slip and fall incident involving Plaintiff at Defendant's store in Marion, Indiana, (the "Store") on October 16, 2016. Plaintiff was at the Store to purchase groceries with his daughter and granddaughter. It had been raining that day, but it was not raining at the time the three arrived at the Store. As the three were walking towards the cashiers at the front of the Store, Plaintiff passed the jewelry counter where he slipped on a puddle of water. Plaintiff describes the puddle as being approximately the size of an 8 ½" x 11" piece of paper. Witness statements obtained by Defendant after the incident confirmed that Plaintiff slipped on water on

the floor. Plaintiff does not know where the water came from, how long it had been on the floor, or whether any of Defendant's employees were aware of the water prior to his fall.

Plaintiff's fall was captured on Defendant's in-store security camera system. Plaintiff describes the security camera footage as follows:

> In addition, the surveillance footage also documents that immediately prior to Mr. Royse's fall, four separate Wal-Mart employees were in and around the area where Mr. Royse fell: at 1:53:18 p.m., a Wal-Mart employee wearing a yellow vest walks through area where Mr. Royse fell; at 1:53:54 p.m., a Wal-Mart employee wearing a blue vest returns to the cashier area of the jewelry department and remains there until Mr. Royse falls; at 1:54:55 p.m., a second Wal-Mart employee wearing a yellow vest walks through the area where Mr. Royse fell; and at 1:55:40, a second Wal-Mart employee wearing a blue vest returns to the jewelry department and joins the first blue-vested-employee behind the jewelry counter.

(ECF No. 31 at 4). Plaintiff is seen falling at 1:55:49 on the security camera footage. At no point is the puddle visible on the video. In fact, it would appear from a viewing of the video that whatever he slipped on was just out of frame.

It is undisputed that Defendant had at the time of the fall extensive policies and procedures requiring employees to monitor the condition of the floors and assure that the floors were safe for customers. Those policies and procedures required employees to monitor the area of Plaintiff's fall "frequently" and "continuously." (*Id*. at 5, 6). The policies and procedures also required employees to clean any spills they discovered. Finally, the policies and procedures required that caution cones be placed at the entrance to the Store in the event of wet weather.

## LEGAL ANALYSIS

### A.    SUMMARY JUDGMENT STANDARD

Although state law provides the substantive law in a diversity action, the summary judgment procedure is governed by federal law. *Maroules v. Jumbo, Inc.*, 452 N.E.3d 639, 645 (7th Cir. 2006). Twenty-five years ago, the Indiana Supreme Court observed, rightly, that the

Indiana state summary judgment standard and the federal summary judgment standard are very different.

> Under Indiana's standard, the party seeking summary judgment must demonstrate the absence of any genuine issue of fact as to a determinative issue, and only then is the non-movant required to come forward with contrary evidence.
>
> * * *
>
> In this respect, Indiana's summary judgment procedure abruptly diverges from federal summary judgment practice. Under the federal rule, the party seeking summary judgment is not required to negate an opponent's claim. The movant need only inform the court of the basis of the motion and identify relevant portions of the record which it believes demonstrate the absence of a genuine issue of material fact. The burden then rests upon the non-moving party to make a showing sufficient to establish the existence of each challenged element upon which the non-movant has the burden of proof. Indiana does not adhere to *Celotex* and the federal methodology.

*Jarboe v. Landmark Comm. Newspapers of Ind., Inc.*, 644 N.E.2d 118, 123 (Ind. 1994) (citations omitted). While Indiana does not follow the procedure set forth in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), federal courts, including this one, do. Therefore, in the case at bar the burden is on Plaintiff to establish the existence of the elements he would be required to prove at trial. Failure to do so is fatal to his claim regardless of what an Indiana court may do on the same facts, since "[f]ederal courts may grant summary judgment under Rule 56 . . . even if the state would require the judge to submit an identical case to the jury." *Carson v. ALL Erection & Crane Rental Corp.*, 811 F.3d 993, 998 (7th Cir. 2016).

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must marshal and present the Court with evidence on which a reasonable jury could rely to find in its favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court must deny a motion for summary judgment when the nonmoving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't*

*of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (citations omitted). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

Facts that are outcome determinative under the applicable law are material for summary judgment purposes. *Smith ex rel. Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a bare contention that an issue of material fact exists is insufficient to create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Additionally, a court is not "obliged to research and construct legal arguments for parties, especially when they are represented by counsel." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011).

Unlike in Indiana, *see, e.g.*, *Hughley v. State*, 15 N.E.3d 1000, 1004 (Ind. 2014) ("Indiana consciously errs on the side of letting marginal cases proceed to trial on the merits"), summary judgment is not a disfavored remedy in federal court. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327. It can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact. *United Food and Commercial Workers Union Local No. 88 v. Middendorf Meat Co.*, 794 F. Supp. 328, 330 (E.D. Mo. 1992). Thus, "the plain language of Rule 56(c) mandates

the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## B.  PLAINTIFF FAILED TO DEMONSTRATE DEFENDANT'S CONSTRUCTIVE KNOWLEDGE OF THE HAZARDOUS CONDITION

Since it is undisputed that Plaintiff was an invitee at the time of the incident, Defendant's duty is defined by the Restatement (Second) of Torts § 343 which states:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

*Rogers v. Martin*, 63 N.E.3d 316, 322 (Ind. 2016). Thus, while a landowner's duty to an invitee includes a duty to exercise reasonable care to protect the invitee from foreseeable dangers on the premises, there is no duty to insure an invitee's safety while on the premises. *Booher v. Sheeram, LLC*, 937 N.E.2d 392, 395 (Ind. Ct. App. 2010). As an invitor is not the insurer of the invitee's safety. Before liability may be imposed on the invitor it must have actual or constructive knowledge of the danger. *Carmichael v. Kroger Co.*, 654 N.E.2d 1188, 1191 (Ind. Ct. App. 1995).

Plaintiff concedes that he has no evidence of Defendant's actual knowledge of the puddle prior to his fall. (ECF No. 31 at 13). Therefore, Plaintiff's case rises and falls on whether Defendant had constructive knowledge of the hazardous condition. To establish constructive knowledge, a plaintiff must show a "condition [which] has existed for such a length of time and under such

circumstances that it would have been discovered in time to have prevented injury if the storekeeper, his agents or employees had used ordinary care." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1088 (7th Cir. 2018). It is not enough to argue that Defendant should have known it was "possible" that there would be a puddle on the floor because of the rainy conditions that day. *Id*. at 1089.

Plaintiff's primary source of evidence in support of its claim of constructive knowledge is the surveillance video. Plaintiff first argues that the puddle must have been on the floor for at least six minutes, because the video "fails to show the puddle being created during [the] six minute time frame" designated to the Court. (ECF No. 31 at 15). While it is true that the creation of the puddle is not visible on the video, the Court does not find this fact particularly enlightening. First, the puddle is never visible on the video, so the fact that its creation is also not visible is not surprising. In addition, the video shows that the puddle must have been off-screen, as Plaintiff's ill-fated step occurs when his left foot comes down to the left of the frame. (ECF No. 25-2 at 1:55:48). Again, if the puddle is off-screen, it is also not surprising that its creation would be off-screen as well. Accordingly, the fact that the six-minute video does not should the puddle being created does not equate to establishing that the puddle was on the floor for six minutes before Plaintiff's fall.

Assuming that Plaintiff fell on a puddle of water, which this Court must, the evidence shows that the puddle most likely formed between 1:54:42 p.m. and 1:55:48 p.m. At 1:54:42, a shopper in a pink shirt pushes a cart through the exact area where Plaintiff fell. (*Id*. at 1:54:42). She manages to traverse the area without incident. No other individual, employee or customer, walks through that area until Plaintiff's fall at 1:55:48. (*Id*. at 1:55:48). The Court finds that the reasonable inference to be drawn from these two events – one shopper walking through the area without incident and a second shopper slipping and falling in the same area – is that the hazardous

condition was created between those two events. Accordingly, the Court concludes that the puddle was present for no more than one minute and six seconds, far short of the time period necessary to establish constructive knowledge. *See Robinson v. Kroger*, 2014 WL 3405874, at *4 (S.D. Ind. 2014) (finding no issue of fact on constructive knowledge where foreign substance that caused plaintiff's fall was found to be present less than ten minutes); *Williams v. Meijer, Inc*., 2013 WL 3146981, at *3 (S.D. Ind. 2013) (finding no issue of fact on constructive knowledge where area of slip-and-fall had been inspected seven to twelve minutes before the plaintiff's fall).[1]

As a fall back position, Plaintiff relies on the fact that four employees[2] were around the area of the fall during the period of time captured by the surveillance video. (ECF No. 31 at 15). While none of the employees walk through the precise area of the fall, two of the examples of employee proximity cited by Plaintiff occur during the time period identified by the Court above. First, Plaintiff notes that "at 1:54:55 p.m., a second Wal-Mart employee wearing a yellow vest walks through the area where Mr. Royce fell." (*Id*.). This is a generous description of what the video shows. In fact, the video demonstrates that this employee walks down a perpendicular aisle and is facing away from the area of the fall throughout her journey across the screen. (ECF No. 25-2 at 1:54:52 – 1:54:58). Thus, there is no reason to infer that she should have, or could have, seen the puddle. The second instance described by Plaintiff is "at 1:55:40, a second Wal-Mart employee wearing a blue vest returns to the jewelry department and joins the first blue-vested-employee behind the jewelry counter." (ECF No. 31 at 15). While this description is true, it is

---

[1] Given the time periods in *Robinson* and *Williams*, even if the Court accepted Plaintiff's position that, based on the video, the puddle existed for six minutes, the Plaintiff has still failed to come forward with evidence that the puddle existed for a period of time sufficient to establish constructive knowledge.

[2] Plaintiff makes much of the Wal-Mart policies and procedures governing the duty of employees to monitor for dangerous conditions, devoting six pages of his brief to summarizing their provisions. (ECF No. 31 at 5–10). However, as Defendant rightly notes, these policies and procedures do not replace the objective standard of ordinary care nor can they create a higher standard of care in this case. *Wal-Mart Stores, Inc. v. Wright*, 774 N.E.2d 891, 894–95 (Ind. 2002).

incomplete. The employee in question is never near the area where Plaintiff falls. She approaches the jewelry counter from the side opposite the aisle where Plaintiff falls and is never closer than approximately thirty feet to the subject area. (ECF No. 25-2 at 1:55:28 – 1:55:42). Therefore, her presence does not give rise to an inference of constructive knowledge.

In addition, the fact that Defendant's employees were near the area where Plaintiff fell for mere moments before Plaintiff's fall does not support the finding that the puddle would have been discovered in time to prevent the incident. Instead, courts have required that the employee's position be such that he or she could have observed the hazardous condition for a period of time prior to the fall. *See Daugherty v. Target Corp.*, 2:12-CV-448-PPS, 2014 WL 789114, at *3 (N.D. Ind. Feb. 25, 2014) (noting that defendant's employee had an "unobstructed view" of the area "for a period of time prior to [plaintiff's] fall"). Here, the video shows that the area of the fall was some distance from the jewelry counter, and that the view of the area where the puddle formed from the jewelry counter was obscured by at least one merchandise rack. The employees' as-the-crow-flies proximity to the area of the fall does little to demonstrate constructive knowledge in this case.

With no other evidence to support his claim, this Court concludes that Plaintiff has failed to designate sufficient evidence to establish the existence of constructive knowledge, or even to create a genuine issue of material fact as to Defendant's constructive knowledge. As this district has noted, "when the federal summary judgment rule has met Indiana slip-and-fall cases, plaintiffs lose if they don't have more evidence of constructive knowledge" than the existence of a hazardous condition and a fall. *Blasko v. Wal-Mart Stores, Inc.*, 3:18-CV-94-RLM-MGG, 2019 WL 1318089, at *5 (N.D. Ind. Mar. 21, 2019). Because this is all Plaintiff offers, this Court concludes that Defendant is entitled to summary judgment as a matter of law.

**CONCLUSION**

For the foregoing reasons, this Court GRANTS Defendant's Motion for Summary Judgment (ECF No. 23). Plaintiff's request for hearing is DENIED. The Clerk will enter judgment in favor of Defendant and against Plaintiff.

SO ORDERED on June 4, 2019.

 s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT